## THE PEOPLE v. NOBLE.

### APPEAL from the District Court of San Juan.

No. 42.—Decided November 11, 1905.

CRIMINAL LAW—COMPLAINT—OBJECTIONS THERETO.—The objection that a complaint is not sworn to, must be made before the court in which the case is pending, and where a defendant submits to a trial without raising such objection, he waives the right to raise such objection in the appellate court.

ID.—DISMISSAL—BILL OF EXCEPTIONS.—Where the transcript of the record presented on appeal contains no bill of exceptions setting out the evidence introduced in support of a motion presented to the inferior court praying for the dismissal of the case, the supreme court is without the necessary facts to consider and determine the matter.

The facts are stated in the opinion.

*Mr. Manuel Ginorio* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This case originated in the Municipal Court of Vega Baja and came to the District Court of San Juan on appeal taken by the defendant.

The district court tried the case upon the following complaint:

"In the Municipal Court of Vega Baja.—This municipal court charges Ramon Noble and Santiago Rosa with the crime of defrauding the Treasury of Porto Rico (section 387 of the Penal Code) committed in the following manner:

"On May 20, 1904, 6,270 manufactured cigars were found in the possession of the first-named defendant, Ramon Noble, without having affixed thereto and cancelled the stamps showing the payment of the tax; and he also had in his possession a barrel of leaf tobacco. Said cigars had been manufactured by the other defendant for and by order of Noble, without the latter having been authorized by the Treasury of Porto Rico, nor having furnished the proper bond."

Upon the complaint being read to the defendant, and before answering, he demurred to it on the ground that there

was no original sworn charge, which was a necessary requisite for the holding of the trial. The district court overruled the demurrer and an exception was noted.

A motion was then made to dismiss the complaint on the ground that it had been made more than sixty days after the arrest of the defendant in violation of the first subdivision of section 448 of the Code of Criminal Procedure. The judge of the district court also overruled this motion, whereupon counsel noted another exception.

The defendant then pleaded not guilty, and the trial having been duly held a judgment of conviction was rendered on December 12, 1904, declaring the defendant guilty of the crime against the Treasury of Porto Rico set forth in section 388 of the Penal Code, and sentencing him to pay a fine of $100 and, in default thereof, to suffer imprisonment for one month, and to pay the costs.

From this judgment an appeal was taken to this Supreme Court, and counsel for the defendant has filed a brief here reproducing the exceptions referred to.

The *fiscal* alleges that the appeal should be dismissed, and at the public hearing the *fiscal* of this court alone appeared and made an oral argument in support of the allegation he had made in his written answer to the brief of the appellant.

Let us consider the first exception taken because it emanates from the record itself and charges the absence of an original sworn complaint. We believe that this question should have been raised in the Municipal Court of Vega Baja, and then it should have been shown in the district court on appeal that it had been raised there. It does not appear from the record that this was done, and hence the municipal court acquired jurisdiction, at least when the defendant submitted to trial after having been notified of the complaint filed against him in the form to which objection is now made. The complaint then filed by the municipal judge took the

place of the complaint of which the law speaks and, therefore, the District Court of San Juan could consider the complaint transcribed and made a part of the record as the original complaint.

The second point raised by exception is that referring to the dismissal of the complaint, because it was not filed within sixty days of the date of the arrest. But the record does not contain any precise data permitting of a decision of this matter, because the date of the arrest is not given. The question involved is an overruled motion to dismiss the complaint on the ground stated. (Sec. 296, subdivision 2, of the Code of Criminal Procedure.)

The appellant should have presented to the judge for settlement within ten days after the rendition of the judgment appealed from a bill of exceptions containing the evidence necessary to present the questions of law upon which the exceptions were taken (sections 298 and 299 of said Code), and when settled by the judge it would have formed an integral part of this record, thus furnishing the elements necessary to permit this Supreme Court to decide the question properly. This is the manner in which the second question raised should have been brought up on appeal.

There are no means at hand of deciding this point, and as there is no ground upon which to grant the other question raised, we recommend that the judgment appealed from be affirmed, with the costs against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernandez, MacLeary and Wolf concurred.